# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3355

_____

United States of America,

Appellee,

v.

Aaron Gonzalez, also known as Aaron
Elizondo, also known as Aaron
Martinez,

Appellant.

\*     Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

_____

Submitted: April 6, 2004
Filed: April 12, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Aaron Gonzalez (Gonzalez) appeals the sentence the district court[1] imposed
after he pled guilty to participating in a drug conspiracy, in violation of 21 U.S.C.
§ 846. Gonzalez argues that the two felony convictions upon which the court relied
to classify him as a career offender did not qualify as convictions under U.S.S.G.
§ 4B1.1(a), because the Nebraska Department of Correctional Services had issued

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for
the District of Nebraska.

certificates for both convictions that showed he had been "discharged" and "restored all [his] civil rights as provided by law." In support of this argument, Gonzalez analogizes his case to United States v. Gallaher, 275 F.3d 784 (9th Cir. 2001), where a divided panel of the Ninth Circuit Court of Appeals held that (1) if a state had restored the defendant's civil rights with respect to a prior conviction by issuance of a certificate, and (2) the certificate did not expressly contain a restriction pertaining to firearms, the prior conviction may not be used as a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924.[2] Here, even if this court were to agree with Gonzalez that Gallagher applies, Gonzalez's argument fails because both certificates on Gonzalez included the following disclaimer: "The issuance of this Certificate of Discharge does not restore to the above captioned individual his/her right to bear arms." We conclude that a state certificate which merely reinstates a former prisoner's civil rights does not prevent the conviction from being counted under section 4B1.1(a). See U.S.S.G. §§ 4B1.2 n.3, 4A1.2 n.10. Accordingly, we affirm.

———————————————————————

———————————————————

[2]Gonzalez's reliance on United States v. Gallaher, 275 F.3d 784 (9th Cir. 2001), is misplaced. In Gallaher, the defendant was convicted of being a felon in possession of ammunition. Moreover, the holding was based on the plain language of 18 U.S.C. § 921(a)(20).